# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

QUAD/GRAPHICS, INC. HEALTH
& WELFARE PLAN,

        Plaintiff,

        -vs-                               Case No. 11-C-268

JAMES A. ZAMZOW,

        Defendant.

# DECISION AND ORDER

After being in a car accident, the defendant, James Zamzow, settled an uninsured motorist claim in state court for $42,000. In count one of this ERISA complaint, the plaintiff, Quad/Graphics, Inc. Health and Welfare Plan (the Plan), alleges that it holds a subrogation lien in the amount of $11,659.08 for medical expenses it paid on behalf of Zamzow. In count two, the Plan claims that it is entitled to 75% of its lien ($8,625.00) pursuant to the settlement agreement in state court. The Plan now moves for summary judgment on count two, which the Court may adjudicate pursuant to its supplemental jurisdiction. 28 U.S.C. § 1367(a).

The Plan is a self-funded employee welfare benefit plan. 29 U.S.C. § 1002(1). Zamzow was a participant in the Plan at all relevant times. 29 U.S.C. § 1002(7). On September 21, 2007, Mr. Zamzow sustained personal injuries as a result of a motor vehicle accident in Hartford, Wisconsin. He required extensive medical treatment. At the time of the accident, Zamzow was insured by the Badger Mutual Insurance Company for automobile

liability, including uninsured motorist coverage. Zamzow brought suit in the Circuit Court of Washington County. After mediation, Zamzow settled his claim against Badger Mutual for the sum of $42,000. Zamzow also agreed to pay 75% of the Plan's total lien from the proceeds of the settlement.

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of the rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must accept as true the evidence of the nonmovant and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate only if, on the record as a whole, a rational trier of fact could not find for the non-moving party. *Rogers v. City of Chi.*, 320 F.3d 748, 752 (7th Cir. 2003).

Under the mediation settlement, the Plan, through its third-party administrator, agreed to "accept a total of $8,625– pursuant to its agreement to accept 75% of its total lien." D. 2. Thus, Zamzow agreed to pay $8,625 in satisfaction of the Plan's lien. Zamzow argues that this language is ambiguous because it does not define the total amount of the lien. According to Zamzow, the settlement agreement merely set the Plan's reimbursement at 75% of the lien, leaving the total amount of the lien and thus the total amount of the settlement to be

determined at a later date.  The agreement does no such thing.  It explicitly and unambiguously states that the amount to be paid is $8,625.  The agreement is susceptible to only one reasonable interpretation.  *Kernz v. J.L. French Corp.*, 667 N.W.2d 751, 755 (Wis. Ct. App. 2003).  It must be enforced as written.  *Huml v. Vlazny*, 716 N.W.2d 807, 820 (Wis. 2006) ("If the contract is unambiguous, our attempt to determine the parties' intent ends with the four corners of the contract, without consideration of extrinsic evidence").

Zamzow also argues that the Plan is not the proper party to enforce the settlement agreement because the agreement was executed by Quad/Med, the Plan's third-party administrator.  Quad/Med was simply acting as the Plan's agent.  The Plan has standing to enforce the settlement agreement.  29 U.S.C. § 1132(d)(1); *Biomet, Inc. Health Ben. Plan v. Black*, 51 F. Supp. 2d 942, 947 (N.D. Ind. 1999); *Hornady Transp. LLC v. McLeod Health Serv., Inc.*, 773 F. Supp. 2d 622, 630-31 (D.S.C. 2011).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the Plan's motion for summary judgment on count two of the complaint [D. 16] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2011.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**