# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**QUAD/GRAPHICS, INC. HEALTH
& WELFARE PLAN,**

      Plaintiff,

    -vs-              Case No. 11-C-268

**JAMES A. ZAMZOW,**

      Defendant.

# DECISION AND ORDER

On September 14, the Court granted the plaintiff's motion for summary judgment on Count Two of this two-count complaint. The Court found that the plaintiff, Quad/Graphics Inc. Health & Welfare Plan, was entitled to 75% of its medical expenses lien from the defendant, James Zamzow, pursuant to a settlement agreement reached in state court mediation proceedings. The Plan now moves to dismiss Count One and for an award of attorney's fees under ERISA.

Zamzow argues that the Court cannot award attorney's fees under ERISA because the Plan was only successful on its state law claim. For an action to arise under ERISA, there must be "something more than a state law claim and a tangential vinculum with national labor policy." *Davis v. Chi. Mun. Empl. Credit Union*, 891 F.2d 182, 185 (7th Cir. 1989). But even though Count Two was characterized as a state law claim in the pleadings, it still arises under federal law because of the broad nature of ERISA preemption. "Under current

interpretations of the ERISA preemption provision, any state law claim the Funds might bring in this case for breach of the settlement agreement would clearly 'relate to' an employee benefit fund and therefore be preempted." *Bd. of Trustees of Hotel and Rest. Empl. Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1487 (D.C. Cir. 1996). Therefore, this entire action is an action arising under ERISA.

ERISA allows a court, in its discretion, to award a "reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In exercising its discretion to award fees to a prevailing party, the Court analyzes the following factors: (1) the degree of the offending party's "culpability or bad faith;" (2) the degree of the offending party's ability to satisfy an award of attorney's fees; (3) the degree to which such an award would "deter other persons acting under similar circumstances;" (4) the amount of benefit conferred on all plan members; and (5) the relative merits of the parties' positions. *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 819 (7th Cir. 2002).

The only reason this lawsuit was filed is because Zamzow refused to abide by the terms of his settlement agreement with the Plan. Zamzow tries to spin this factor in his favor, claiming that the Plan acted in bad faith during the settlement discussions by doubling the amount of the claimed lien at the last minute. This does not change the fact that Zamzow agreed to settle that claim for a specified amount. Zamzow did not argue that the settlement agreement should be voided on the grounds of fraud, duress or coercion. Ultimately, Zamzow had no reasonable basis for refusing to reimburse the Plan pursuant to the clear and

unambiguous language of the settlement agreement.  An award of attorney's fees will deter Plan participants from wrongfully withholding funds to which they are not entitled.

**IT IS HEREBY ORDERED THAT**:

1.      The Plan's motion to dismiss count one of the complaint [D. 32] is **GRANTED**;

2.      The Plan's motion for an award of attorney's fees [D. 33] is **GRANTED**; and

3.      The Clerk of Court is directed to enter judgment in favor of the Plan in the amount of **$8,625.00**, plus **$2,857.50** in attorney's fees.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**